*MAXWELL* vs. *WALKER & AL.*

APPEAL from the court of the fourth district.

PORTER, J. delivered the opinion of the court. This action was commenced on a promissory note, alleged to have been executed by the defendant, in favor of Kitchen and co. and stated to have become the property of the plaintiff, in consequence of several indorsements made thereon. The petition was served on the defendant, who is appellant in this tribunal, on the 8th of May, and on the commencement of the court next succeeding the day of citation, he moved the court on a petition, supported by affidavit, that the plaintiff, who had not annexed the note to the petition, should give him oyer of it—and that further time should be allowed him to put in his defence—stating on oath, that he could not otherwise file his answer with certainty. This

The defendant is entitled to oyer of the instrument he is sued on, even when he has not answered, within the ten days, if no judgment by default has been taken.

East'n District. was refused him, judgment by default render-
Feb. 1824. ed, and the judgment made final  He ap-
MAXWELL pealed.
vs.
WALKER & AL.   We are quite clear, the judge erred in refu-
sing the application.  The defendant had a
right to see and examine the instrument, which
had been alleged in the petition, as the  ground
of sueing him,  in  order that he might know
whether it was  executed by him or not.   To
refuse it, was taking away from him the means
of  acting  honestly,  and  acknowledging  the
note, if it was really his, and if it was not, ex-
posing him to the hardship of  meeting  the
plaintiff, at the trial, without an opportunity of
preparing his defence.

In  opposition to the demand, it has  been
contended here, that this application came too
late—that  service  of  the  petition  had   been
made  a  month  before,  and  that  the  time for
answering  expired  in  ten  days.   This  argu-
ment, however, appears to us  of  little  weight.
This command in the citation, to answer within
ten days, has  been  always  held  in  practice, in
this country, to be satisfied  by  the parties an-
swering  on  the  first  day, on  which  the court
sits after the service ; because  no judgment by
default can be taken sooner ; and it is always

time to file an answer, before that judgment is entered up. In this case, there is no ground whatever, to fasten the imputation of improper delay on the defendant. The order which he required, as necessary for him to make his defence, could not be granted, except in open court, after hearing the opposite party ; he was therefore in time to make his application at the commencement of the next term after the service of the petition. Were it otherwise, the plaintiff could always deprive the person sued, of this relief, by bringing his action more than ten days before the court was in session.

Nor do we see, that in giving our sanction to the claim set up in this instance, we necessarily introduce a practice, which will enable debtors to always get a delay of a term, or that such would have been the consequence here. Each case must depend on its own circumstances. In this before us, if the note had been produced, when called for, it does not follow the defendant would have required, or have been entitled to so much time to answer, as would have thrown the cause over the term. For, whether it was his obligation, or not, he must have been enabled to have known by inspection, and of course be ready at once to

East'n District
Feb. 1824.

MAXWELL
vs.
WALKER & AL.

admit or deny it. What delay, therefore, ought to have been accorded, we do not pretend to say; but we are satisfied, that the appellant had a right to see the document on which he was sued—and that all the proceedings which succeeded, and which were predicated on his making default, were erroneous, and must be set aside.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this case be remanded, with directions to the district judge, not to permit judgment by default to be entered up, until the plaintiff has exhibited to the defendant, or annexed to the petition, the note on which suit is brought, nor until a sufficient time has elapsed after this has been done, to enable the defendant to file his answer; and it is further ordered, that the appellee pay the cost of the appeal.